## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD A GARNDER ARCHITECTS, INC. and DONALD A. GARDNER, INC., | Civil No. 1:23-CV-1313 |
| Plaintiffs, | |
| v. | |
| BON TON BUILDERS, INC., and TONY R. FORBES, | |
| Defendants. | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the motion to strike affirmative defenses filed by Plaintiffs Donald A. Gardner Architects, Inc. and Donald A. Gardner, Inc. ("DAG"). (Doc. 17.) This is a copyright infringement case in which Plaintiffs allege that Defendants, Bon Ton Builders, Inc. ("BTB") and Tony R. Forbes infringed several of its copyrighted architectural works as well as violated the Digital Millenium Copyright Act. In its motion to strike, Plaintiffs argue that certain affirmative defenses raised in Defendants' answer should be stricken because they are not valid defenses under the law or too conclusory to put DAG on notice of the defense. For the reasons that follow, the court will grant in part and deny in part the motion to strike.

1

## PROCEDURAL AND FACTUAL HISTORY

DAG "is a building design firm in the business of creating 'architectural works' . . . as well as technical drawings and renderings that depict such technical works[.]" (Doc. 1, ¶ 7.) DAG owns copyrights to many of its works. (*Id.* at ¶ 8.) "BTB is a home builder[.]" (*Id.* at ¶ 15.) DAG discovered that BTB was displaying copies of its copyrighted works on BTB's website and social media in February 2023. (*Id.* at ¶¶ 20, 32.) On August 7, 2023, DAG filed a complaint against BTB alleging one count of copyright infringement under 17 U.S.C. § 501, and one count of violating the Digital Millenium Copyright Act under 17 U.S.C. § 1202. (*Id.* at ¶¶ 49–77.)

BTB answered the complaint on September 5, 2023. (Doc. 16.) On September 15, 2023, DAG filed a motion to strike affirmative defenses. (Doc. 17.) BTB filed its brief in opposition on September 29, 2023. (Doc. 23.) DAG filed a reply brief on October 13, 2023. (Doc. 27.) Accordingly, this motion is ripe and ready for review.

## JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. § 1338, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Venue is proper in the Middle District of Pennsylvania because

BTB's principal place of business is within the Middle District and Defendant Forbes resides in the Middle District.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  This rule is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update).  To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters."  *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law.  *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted).  They also "may not serve as an avenue to procure the dismissal of all or part of a complaint."  *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 U.S. Dist. LEXIS 102143 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken. *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

"[A] motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense." *United Staes v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989). "While affirmative defenses need not rise to the level of plausibility, their pleading must still provide plaintiffs with 'fair notice' of the grounds for those defenses." *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015) An affirmative defense can provide fair notice even without specific factual allegations, "as long as the defense is logically within the ambit of the general factual allegations in the litigation." *Id.* at 574. In

4

sum, "the plaintiff must be able to infer why an affirmative defense may be germane to the litigation based on some general allegations in the pleadings." *Id.* at 574.

## DISCUSSION

DAG asks the court to strike six of BTB's affirmative defenses. The court will address each in turn.

### A. The court will not strike BTB's first affirmative defense.[1]

BTB's first affirmative defense states "[t]he alleged copyright works are invalid." (Doc. 16, ¶ 78.) DAG argues that BTB's first affirmative defense should be stricken because it is conclusory and lacks facts that would put DAG on notice as to the basis for the invalidity of the copyright. (Doc. 18, p. 6.) BTB responds that its first affirmative defenses has "a rational and logical connection" to the instant suit because DAG has "the burden of proving that the works they seek copyright protection for are, in fact, valid copyrights." (Doc. 23, p. 4.)

The court will not strike BTB's first affirmative defense because it sufficiently puts DAG on notice that the validity of the pertinent copyrights is contested. "The elements of a copyright infringement action are (1) ownership of a valid copyright and (2) copying by the alleged infringer." *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667 (3d Cir. 1990) (quoting

---

[1] For clarity, the court utilizes the titles provided by BTB in its answer. (Doc. 16.)

*Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989)). Asserting that a copyright is invalid is a proper defense because owning a valid copyright is an element of a plaintiff's *prima facie* case of copyright infringement. *See Malibu Media, LLC v. Does 1*, No. 12-2078, 2013 WL 1702549 at * 4 (E.D. Pa. March 6, 2013) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991)).  Here, BTB's first affirmative defense puts DAG on notice that the validity of its copyright is going to be at issue in this litigation.  This is sufficient for purposes of pleading a defense under Rule 8.

DAG's argument in its reply brief that a defense negating an element of a plaintiff's *prima facie* case is not properly pleaded as an affirmative defense because it does not incorporate any new facts is unavailing.  (Doc. 27, p. 2.) Negating an element of a plaintiff's claim is a general defense that is properly pleaded in an answer.  Fed. R. Civ. P. 8(b).  While it may not be accurate to label this defense an "affirmative" defense, it is still properly pleaded in an answer. BTB has put DAG on notice that some elements of their *prima facie* case are going to be challenged in this case.  Thus, raising this general defense is not "redundant, immaterial, impertinent, or scandalous" within the definition of Rule 12(f). Accordingly, the court will deny the motion to strike BTB's first affirmative defense.

### B. The court will not strike BTB's second affirmative defense.

BTB's second affirmative defense states "[t]he alleged copyrighted works lack originality and are substantially similar to the work of other individuals or entities or some prior work in the public domain." (Doc. 16, ¶ 79.) DAG argues this defense should be stricken because it is conclusory and not applicable under the law because the existence of similar works is not a legally cognizable defense to a copyright infringement cause of action. (Doc. 18, pp. 8, 9.) BTB argues that the defense is proper because "Plaintiffs may not be entitled to the copyright protection they seek if the works lack sufficient originality or were previously in the public domain." (Doc. 23, p. 5.)

The court will not strike this affirmative defense because lack of originality is a proper defense to a claim of copyright infringement. "A defendant may rebut the presumed validity of plaintiffs' registration by showing that the subject of the copyright lacks originality." *Don Post Studios, Inc. v. Cinema Secrets, Inc.*, 124 F. Supp. 2d 311, 315 (E.D. Pa. 2000). "In order to satisfy the 'original works' requirement, a work must be original in the sense that it was not copied from another's work and in the sense that it shows creativity ('the creativity requirement')." *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 281 (3d Cir. 2004) (citing *Feist*, 499 U.S.S at 361–63.)) Accordingly, an appropriate defense to a copyright infringement claim is that the copyrighted work lacks originality. This

affirmative defense sufficiently puts DAG on notice that the originality of its copyrighted works is challenged in this case. Accordingly, the court will deny the motion to strike this defense.

### C. The court will not strike BTB's third affirmative defense.

BTB's third affirmative defense is that "[P]laintiffs omitted crucial information or submitted incorrect information in its registration application sufficient to cause the invalidity of the alleged copyrighted work." (Doc. 16, ¶ 80.) DAG argues that this defense is conclusory and not legally cognizable because BTB has not alleged the statutory elements which would result in a copyright being invalid due to mistake or omission in the registration process. (Doc. 18, p. 9.) BTB argues it has provided "fair notice that [DAG's] alleged copyrights may be invalid for failure to submit correct information in its copyright registrations." (Doc. 23, p. 6.)

The "safe harbor" provision of the Copyright Act provides that a certificate of registration is valid "regardless of whether the certificate contains any inaccurate information, unless–(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411. Accordingly, "[i]t has been consistently held that a plaintiff's knowing failure to advise the Copyright Office

8

of facts which might have led to the rejection of a registration application constitutes grounds for holding the registration invalid and incapable of supporting an infringement action." *Masquerade Novelty, Inc.*, 912 F.2d at 667.

Again, this affirmative defense is questioning the validity of DAG's copyrighted works, which is a *prima facie* element of DAG's copyright infringement claim. BTB is not required to plead every element of this defense, rather, it is only required to put DAG on notice that this is going to be an issue within this case. Here, BTB has adequately done so, and the court will not strike this defense.

### D. The court will strike BTB's fifth and sixth affirmative defenses.

BTB's fifth affirmative defense is that "Defendants did not intend to harm Plaintiffs." (Doc. 16, ¶ 82.) BTB's sixth affirmative defense is that "Defendants did not intend to destroy or harm any good will or the reputation of the Plaintiffs." (*Id.* ¶ 83.) DAG argues these are improper affirmative defenses because "'[c]opyright infringement is a strict liability tort and plaintiffs do not need to prove a defendant's mental state to prosecute a copyright claim.'" (Doc. 18, p. 10 n.3) (quoting *Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 573 (S.D. Tex. 2019)). BTB argues that this affirmative defense should not be stricken because there is an exception to the statutory damages ranges for "innocent infringers" who acted without knowledge

9

that they were infringing a plaintiff's copyright. (Doc. 23, pp. 6, 7.) In this scenario, "Defendants would have to demonstrate a good faith belief of their innocence[,]" and Defendants' intent is related to this showing. (*Id.* at 7.)

The court will strike these two affirmative defenses because they are immaterial. 17 U.S.C. § 504 provides that "an infringer of copyright is liable for either–(1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages, as provided by subsection (c)." *Id.* Subsection (c) provides, generally, the court may increase the award of statutory damages if "the copyright owner sustains the burden of proving" the infringement was committed willfully, or the court may reduce the award of statutory damages if the copyright infringer proves it "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright[.]" *Id.* at § 504(c). Courts have interpreted this provision to require a showing that a defendant had knowledge that its actions were infringing a copyright. *Original Appalachian Artworks, Inc. v. J.F. Reichert, Ind.*, 658 F. Supp. 458, 464 (E.D. Pa. 1987).

Here, BTB's fifth and sixth affirmative defenses relate to BTB's intent to harm DAG, not to its knowledge at the time it allegedly infringed on DAG's copyrighted works. Thus, BTB's intent to harm DAG is immaterial to any matter, including damages, because it "has no essential or important relationship to [any]

claim[s] for relief." *Wagner,* 101 F. Supp. 3d at 488.  Therefore, the court will grant DAG's motion to strike these affirmative defenses.

### E. The court will strike BTB's seventh affirmative defense.

BTB's seventh affirmative defense is that "Plaintiffs have not fully and strictly complied in all respects with the United States Copyright Act of 1976 as amended."  (Doc. 16, ¶ 84.)  DAG argues that this defense is conclusory because it "tells neither the Court not DAG the portion of the Copyright Act with which DAG purportedly has not complied[.]"  (Doc. 18, p. 11.)  BTB argues that "[t]o the extent that Plaintiffs failed, in any way, to comply with the formalities of the Copyright Act, that failure may render the copyrights invalid or invalid for a period of time relevant to this lawsuit."  (Doc. 23, p. 8.)

The court will strike this affirmative because it is unnecessary and duplicative of BTB's first affirmative defense challenging the validity of DAG's copyrights.  Both the first affirmative defense and the seventh affirmative defense are challenges to the validity of DAG's copyrights.  The first affirmative defense is sufficient to put DAG on notice that the validity of its copyrights, one of the *prima facie* elements of its claim, is at issue in this case.  Accordingly, the court will grant DAG's motion to strike the seventh affirmative defense.

11

### F. The court will not strike BTB's twelfth affirmative defense.

BTB's twelfth affirmative defense is that "Plaintiffs have not suffered any actual loss due to the alleged infringement." (Doc. 16, ¶ 88.) DAG argues this is not a recognized defense because "no damages need be established for liability or to obtain relief." (Doc. 18, p. 11.) BTB responds that "discovery may reveal that Plaintiffs did not sustain any damages at all." (Doc. 23, pp. 8, 9.)

The court will not strike this affirmative defense because it is related to DAG's award of damages. As noted above, a plaintiff who establishes a copyright infringement claim is entitled to actual damages or statutory damages. 17 U.S.C. § 504(b) provides:

> [A] copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

*Id.* Although actual damages are only one avenue of damages calculations and not necessary to prove liability, DAG's actual damages are still germane to the underlying claim of relief and not immaterial, impertinent, or scandalous. Accordingly, the court will deny DAG's motion to strike this affirmative defense.

### G. The court will not strike BTB's fourteenth affirmative defense.

BTB's fourteenth affirmative defense is that "[a]ll or some of Plaintiff's claims are barred in whole or in part by the Doctrine of Copyright Misuse." (Doc. 16, ¶ 90.) DAG argues that this affirmative defense is conclusory because "it provides absolutely no notice or context of what DAG purportedly did that could possibly rise to the level of copyright misuse." (Doc. 18, p. 12.) BTB argues that the court should not strike this affirmative defense because it puts DAG on notice that copyright misuse is a potential issue in this litigation, and it is not required to plead any further facts. (Doc. 23, p. 9.)

The court will not strike this affirmative defense because it sufficiently puts DAG on notice that BTB may raise a defense of copyright misuse. The doctrine of copyright misuse is a defense that challenges "anticompetitive conduct that contravenes the goal of copyright law–'to stimulate artistic creativity for the general public good.'" *Malibu Media, LLC. v. Doe.*, 381 F. Supp. 3d. 343, 359 (M.D. Pa. 2018) (quoting *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 204 (3d Cir. 2003)). "The defense does not invalidate the copyright but rather prohibits its enforcement for the duration of the misuse." *Id.* at 358-59.

The doctrine of copyright misuse is an appropriate defense to a copyright infringement claim. BTB is not required to plead detailed factual allegations; rather, it must put plaintiff on notice of the grounds for the defense. *Mifflinburg*

13

*Telegraph*, 80 F. Supp. 3d at 573.  Because this defense is "logically within the ambit of the general factual allegations in the ligitation[,]" the court will deny the motion to strike this defense.  *Id.* at 574.

## CONCLUSION

For the reasons stated above, the court will grant the motion to strike in part and deny it in part.  An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 9, 2024